NATAL et al. v. RONRICO CORPORATION.

COLON v. SAME.

Civ. Nos. 2868, 2933.

District Court, Puerto Rico.

Aug. 20, 1946.

Henry G. Molina and Hernan R. Franco, both of San Juan, P. R., for plaintiffs.

Jose G. Gonzalez, of San Juan, P. R., for defendant

COOPER, District Judge.

These are two actions, one by Felipe and Antonio Natal, brothers, against Ronrico Corporation, and the other by Tomas Colon against the said Ronrico Corporation for recovery of overtime wages alleged to be owing by defendant corporation to the plaintiffs under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

In an amended complaint in Civil No. 2933, the Natal Brothers claim that from October 24, 1938, to September 15, 1941, Antonio Natal worked for Ronrico Corporation 4,592 hours overtime, for which he claims compensation amounting to $2,329.20, and Felipe Natal worked 4,572 hours overtime, for which he claims compensation amounting to $3,224. They both claim liquidated damages and attorneys' fees.

In Civil case No. 2868 Tomas Colon claims that he worked overtime hours for the defendant corporation from October 24, 1938, to August 5, 1942, and claims compensation for such overtime amounting to $1,629.37. He also claims liquidated damages and reasonable attorneys' fees.

These two cases were, by consent of counsel, tried together on January 24, 1946, therefore, they will be considered together and findings of fact and conclusions of law are made as to both cases insofar as the respective findings specifically apply to each case.

Plaintiffs, through their attorney, have filed a memorandum of evidence to which they have attached schedules of amounts claimed, from which schedules it appears that Antonio Natal has reduced his claim to $1,631.60, Felipe Natal to $838.72 and Tomas Colon to $929.47.

At the trial of the cases, counsel for both parties stated that the only issues involved were the determination of the claim of plaintiffs for overtime worked by each plaintiff and the amounts of compensation to be received by them for such overtime worked. Plaintiffs Antonio and Felipe Natal are brothers and although they claim and testified that they had gone to work together every day from October 24, 1938, to September 15, 1941, and had left work together every day and that they worked 72 hours each week during that period, I find that such claim on their part is not sustained by a preponderance of the evidence. In fact, an examination of the entire record will disclose that the clear preponderance of the testimony is against the testimony of the two brothers. Exhibit (1) for plaintiffs, which consisted of loose sheets taken from waste baskets do not sustain their contention. In fact, these sheets do not pretend to fix the time when any employee worked but rather the times during the work day when certain processes commenced or ended.

The records of the corporation produced in evidence by the defendant and which have not been controverted, show that during the period covered by the complaints in both these cases, the shop of the defendant even at the peak of its production did not work in excess of the maximum number of hours per week established by the Fair Labor Standards Act. The records show that the Ronrico Corporation for a long period of time did not work, bot-

tle or blend more than an average of three or four days per week and that even during the rush period, which started around the middle of the year 1941 and extended through the year 1942, the shop only worked an average of 5 or 5½ days, its laborers then working on shifts of 8 hours per day.

Mr. Hector Olivar, Plant Manager of the corporation, testified that whenever any overtime was worked by any employee, and this was a rare occurrence, the employees were paid for such overtime, I cannot find that Mr. Olivar's testimony is contradicted.

Tomas Colon testified that he had worked the overtime mentioned in his complaint and to corroborate his testimony introduced in evidence certain notes which he claims he prepared during the period that he was employed as a foreman. He claims he made the said notes every day from day to day, but I find that even the appearance of plaintiff's notes produced in evidence seemed to indicate that they were not prepared at the time claimed but at a much later date. But if we accept his statement that these memoranda were made at the time claimed, it is clearly a contradiction of the records of the corporation. The corporation is required by law to keep records and it did so, and I could not say, even admitting that Tomas Colon's statement as to the time he made the memoranda is true, that the greater weight of the testimony sustains him. He offered no corroboration of his statement from the period of October 24, 1938, until he become foreman in August, 1941. Another fact which appears from the record is that if the contentions of plaintiff are true, then they must have worked considerably at times when the plant was not in operation. Plaintiffs, it will be noted, claimed that they worked every week for 72 hours. They did not mention in their complaint or in their direct testimony that they had been given vacations with pay and they have each at some time been ill. This appears from the records of the company and was admitted by plaintiffs at the trial. The Natal Brothers insisted that they had always gone to work together and had left their work together. This, of course, is not material but is contrary to what is shown by the records of the company,

especially during the rush period when the two shifts were in operation.

From the evidence submitted and considered in its entirety I am not able to find that the plaintiffs have established their claims by a preponderance of the evidence. On the contrary, the preponderance of the evidence is clearly against them. Since the cases are limited to the question of overtime, I must find that their claims should be denied.

### Findings of Fact

1. Antonio and Felipe Natal are brothers and have worked for the defendant since prior to October, 1938. They worked in the blending room of the said corporation all during that time and were engaged in the blending of rum that is exported by the defendant to continental United States.

2. Tomas Colon worked for the defendant since prior to October, 1938, up to August, 1942, at which time he left the employ of the defendant. He worked first as a chauffeur, then as a clerk and all-around man and lately, during the term of his employ, as a foreman in the bottling plant of the defendant.

3. I find that Felipe and Antonio Natal did not, from October 24, 1938, to September 15, 1941, work during any work week more than the maximum number of hours per week established by the Fair Labor Standards Act.

4. I find that Tomas Colon did not work the overtime set forth in his complaint.

5. From the evidence submitted I find that the plaintiffs have not proved their cases; that they did not work overtime and since these cases are expressly limited by the pleadings to a claim for overtime exclusively, I must find that they are not entitled to the relief prayed for.

### Conclusions of Law

1. This court has jurisdiction of these cases under the Fair Labor Standards Act of 1938.

2. The defendant is engaged in commerce and is subject to the provisions of the Fair Labor Standards Act and further the plaintiffs were engaged during the time specified in their complaints in the production of goods for commerce.

3. As a matter of law, I conclude that the plaintiffs have not proved their cases by a preponderance of the evidence and, therefore, are not entitled to recover anything from the defendant in this proceeding.

4. These cases involve only claims for overtime alleged to have been worked by the plaintiffs for the defendant and do not involve payment of minimum wages. If the plaintiffs are not entitled to recover overtime, under the law, they cannot recover attorneys' fees.

Therefore, on the findings of facts and conclusions of law above stated, judgment should be entered dismissing the complaints of the plaintiffs and each of them.